UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORRAINE K.,

                                Plaintiff,

                  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                Defendant.
_____

DECISION AND ORDER

20-CV-1469L

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On July 16, 2018, plaintiff filed an application for supplemental security income, alleging an inability to work since April 1, 2017. (Dkt. #14 at 10). Her application was initially denied. Plaintiff requested a hearing, which was held on December 5, 2019 via videoconference before Administrative Law Judge ("ALJ") Kieran McCormack. The ALJ issued an unfavorable decision on January 2, 2020, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #14 at 10-19). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 10, 2020. (Dkt. #14 at 1-3). Plaintiff now appeals.

        The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #22), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #25). For the reasons

set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

**I.     The ALJ's Decision**

Plaintiff was born August 1, 1976, and was fifty-eight years old on the alleged onset date, with a general education diploma ("GED") and past relevant work as a receptionist. (Dkt. #14 at 460). Her treatment records reflect a history of impairments including coronary artery disease, hypertension, diabetes, peripheral neuropathy, and chronic obstructive pulmonary disease ("COPD"), which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #14 at 12).

Plaintiff's medical history also included a diagnosis of, and treatment for, major depressive disorder. In applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, or applying information, no limitation in interacting with others, a mild limitation in concentration, persistence and pace, and a mild limitation in adapting or managing herself. (Dkt. #14 at 14). Because plaintiff's mental health limitations were no more than mild in any area, the ALJ found plaintiff's mental health impairments to be non-severe.

Upon review of the record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, except that she must avoid concentrated exposure to airborne irritants such as fumes, odors, dusts, gases, and/or smoke. (Dkt. #14 at 15).

When presented with this RFC at the hearing, vocational expert ("VE") David Anthony Zak testified that a person with this RFC could perform plaintiff's past relevant work as a receptionist. (Dkt. #14 at 18). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Step Two Analysis

At Step Two of his analysis, the ALJ discussed plaintiff's diagnosis of depression, but found it to be a non-severe impairment. (Dkt. #14 at 13-14).

A "severe" impairment is defined as, "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities," 20 CFR §404.1520(c), and which meets the 12-month durational requirement. *See* 42 USC §423(d)(1)(A). Notwithstanding this verbiage, the Step Two evidentiary requirement is *de minimis*, and intended only to screen out the truly weakest of cases. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a Step Two finding of non-severity is only appropriate in cases where "the medical evidence establishes only a slight abnormality . . . which would have no more than a minimal effect on an individual's ability to perform basic work activities." SSR 85-28, 1985 SSR LEXIS 19 (1985).

Furthermore, regardless of whether an impairment is found to be severe, the ALJ is ultimately required to "consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to establish disability. *Melendez v. Commissioner*, 2020 U.S. Dist. LEXIS 131543 at *8 (W.D.N.Y. 2020)(citing 20 CFR §§404.2534(c), 416.923(c)).

Plaintiff argues that the ALJ erred in finding that plaintiff's depression was non-severe at Step Two, and formulated an RFC which failed to account for any of plaintiff's nonexertional limitations, regardless of severity.

The Court concurs. With respect to plaintiff's depression, the record contained mental health treatment notes reflecting regular therapy visits and management of symptoms with antidepressant medications during the relevant period (Dkt. #14 at 422-49, 473-565), as well as mental RFC opinions by consulting psychologist Dr. Janine Ippolito, and state agency reviewer Dr. S. Juriga. (Dkt. #14 at 81-94, 460-64). Dr. Ippolito examined plaintiff on October 11, 2018 and opined that, in addition to mild limitations in the areas of understanding information, using reason and judgment, and maintaining concentration and pace, plaintiff had "moderate" limitations in the ability to regulate emotions, control behavior, and maintain well-being, caused by "her emotional distress and fatigue." (Dkt. #14 at 463).

The ALJ found Dr. Ippolito's opinion "persuasive" to the extent that it indicated mild limitations, but found that moderate limitations were "inconsistent with [Dr. Ippolito's conclusion at the end of the opinion] that the claimant's psychiatric problems did not significantly interfere with his [sic] ability to function." (Dkt. #14 at 17). The ALJ also found Dr. Juriga's opinion to be "persuasive" despite the fact that it was based on a review of only part of the record, describing its finding of mild limitations to be "consistent with the psychiatric evidence." (Dkt. #14 at 17). He thus concluded that plaintiff's depression was non-severe.

Initially, I find that the ALJ's determination that plaintiff's depression was non-severe was not supported by substantial evidence, and was based on legal error. The only explanation given by the ALJ for discounting Dr. Ippolito's description of "moderate limitations" was its "inconsistency" with her statement that plaintiff's symptoms did not "significantly" interfere with

plaintiff's functioning. This was erroneous: there was no obvious tension between Dr. Ippolito's finding that plaintiff had mental limitations which were "moderate," and her finding that they did not "significantly interfere" with her functioning. *See generally Butler v. Commissioner*, 2019 U.S. Dist. LEXIS 138463, at *28 (N.D.N.Y. 2019)(medical opinion which identifies moderate limitations in some areas of mental functioning, but also concludes that the claimant's symptoms were not significant enough to interfere with her ability to function, is not internally inconsistent)(citing 20 CFR Subpt. P, App1, §12.00(F)(moderate limitations indicate a "fair" ability to function independently, appropriately, effectively, and on a sustained basis in a particular area)).

Second, the ALJ's implicit conclusion – that Dr. Ippolito's opinion that "claimant's psychiatric problems did not significantly interfere with [her functioning]" compelled a finding of non-severity, if credited – relied on an improper standard. Again, regardless of the forceful regulatory verbiage that defines a "severe impairment," the standard "for a finding of severity under Step Two of the sequential analysis" is *de minimis*, such that "[a] claim may be denied at [S]tep [T]wo only if the evidence shows that the individual's impairments . . . do not have *more than a minimal effect* on the person's physical or mental abilit[ies]." *Schafenberg v. Saul*, F. App'x 455, 456 (2d Cir. 2021)(emphasis added)(quoting SSR 85-27 at *3(1985)). As such, that standard is generally satisfied where, for example, unrebutted medical opinions identify moderate or greater limitations. *See Schafenberg*, F. App'x 455 at 457. Because plaintiff presented such evidence here, the ALJ's conclusion that plaintiff's depression was non-severe was not adequately supported.

Moreover, even if the ALJ had properly concluded that plaintiff's depression was non-severe, remand would nonetheless be appropriate, for the purpose of redetermining plaintiff's RFC in a manner that takes her mental health limitations into account. While the ALJ recited

boilerplate language at Step Two, indicating that his RFC finding would "reflect[] the degree of limitation" he had determined for plaintiff's mental functioning (Dkt. #14 at 14), there is no further indication that he did so. *See Parker-Grose v. Astrue*, 462 Fed. App'x 16 (2nd Cir. 2012); 20 CFR §404.1545(a)(2). Indeed, despite finding that plaintiff was at least mildly impaired in three of the four categories that comprise the special technique, the ALJ did not include any nonexertional limitations in his RFC determination. Moreover, he found that plaintiff was capable of returning to her past relevant work in a semiskilled receptionist position with a specific vocational preparation ("SVP") level of 4, even though semiskilled work "may be inconsistent with mild limitations in mental functioning." *Wagner v. Commissioner*, 2020 U.S. Dist. LEXIS 64398 at *12 (W.D.N.Y. 2020). Whether this was because the ALJ had determined that plaintiff's mental health impairments posed no limitations, or because the ALJ mistakenly neglected to make that determination in the first instance, cannot be gleaned from the face of the decision.

For these reasons, remand is necessary, both to reconsider the severity of plaintiff's mental impairments at Step Two, and to ensure that the resulting decision documents the ALJ's consideration of whether and to what extent those limitations – regardless of severity – impact her RFC. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)("[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles"); *Rogers v. Berryhill*, 2017 U.S. Dist. LEXIS 129517 at *9-*10 (W.D.N.Y. 2017)(remand is required where "although the ALJ's step two conclusion contained a boilerplate statement that he considered [claimant's] nonsevere impairments when creating the RFC . . . his RFC analysis does not discuss [claimant's] depression or explain why the RFC lacked any related

mental limitations," making it "impossible for . . . the Court to know whether the ALJ considered her depression when he determined her RFC").

### III.    The ALJ's Exertional RFC Findings

Plaintiff also argues that the ALJ erred when he purported to find a consulting physician's opinion "persuasive," but declined, without explanation, to credit all of the limitations it described.

In making his RFC determination, the ALJ purported to rely upon the "persuasive" opinion of agency reviewing physician Dr. D. Brauer, who had opined that plaintiff's COPD symptoms required her to "[a]void even moderate exposure" to respiratory irritants.[1] (Dkt. #14 at 91). However, the ALJ's RFC determination required only that plaintiff avoid "concentrated" exposure to respiratory irritants. Given that plaintiff's COPD was a severe impairment and that the record did not otherwise contain evidence to support a lesser level of limitation than what Dr. Brauer had described, the ALJ's finding appears to have resulted from an improper substitution of layperson opinion for competent medical opinion.

While the Commissioner now strives to identify evidentiary support elsewhere in the record which might have supported the ALJ's rejection of Dr. Brauer's opinion, the Court "is not permitted to accept the Commissioner's post-hoc rationalizations for the ALJ's determination." *White v. Saul*, 313 F. Supp. 3d 377, 385 (W.D.N.Y. 2019)(quoting *Marthe v. Colvin*, 2016 U.S. Dist. LEXIS 83879 at *26 (W.D.N.Y. 2016)). The ALJ's initial failure to explain how his RFC "factored in" Dr. Brauer's opinion – as he claimed it did (Dkt. #14 at 17) – prevents meaningful review. *See Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013)(an ALJ must "conduct a distinct analysis that would permit adequate review on appeal").

---

[1] The only other physician to render an exertional RFC opinion, consulting internist Dr. Trevor Litchmore, also indicated that plaintiff's exposure to respiratory irritants would be "limited," but did not specify the extent of the limitation. (Dkt. #14 at 451-55).

I have considered the rest of plaintiff's objections, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #22) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #25) is denied.

This matter is remanded for further proceedings consistent with this opinion, including reassessment of plaintiff's impairments beginning at Step Two, a detailed analysis of whether and to what extent plaintiff's severe *and* non-severe impairments limit her ability to perform work-related functions, and redetermination of plaintiff's RFC.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 14, 2022.